UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEVEN L. SMITH,<br>    Plaintiff, | )<br>)<br>)<br>) |  |
| v. | ) | Civil No. 24-13182-LTS |
| CHIEF GOLDEN, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>) |  |

ORDER

September 30, 2025

SOROKIN, J.

By Memorandum and Order dated September 16, 2025, the Court denied without prejudice Plaintiff Steven Smith's motion for leave to proceed *in forma pauperis* Doc. No. 23. Plaintiff was granted additional time to (1) either file an Application to Proceed Without Prepayment of Fees accompanied by a copy of his institutional account statement or pay the $405 filing fee; and (2) file a third amended complaint that states a claim upon which relief may be granted. *Id.*

Now before the Court are Smith's Third Amended Complaint ("TAC"), Doc. No. 25, and Motion to Object to Memorandum & Order ("Motion"), Doc. No. 26. Although Smith's Second Amended Complaint had named 11 defendants, the TAC is brought against the following 4 defendants: (1) former police detective Meridith Lobur, (2) former police chief Golden, (3) criminal defense attorney Matthew D. Bober; and (4) criminal defense attorney Ryan J. Matthews. TAC at ¶¶ 1- 4.

Among other things in his 8-page Motion, Smith asks for the filing fee to be waived stating that he has "limited funds," "no other income" and that he had filed "suit when free-

during the entire time." Motion at ¶ 18.  Smith states that if the TAC is permitted to "go forward, [Smith] will have [his] sister send the filing fee to the clerk." *Id.* at ¶ 19.  Smith also states that he "disagree[s] with Hon. Sorokin in his Decision not to allow [Smith] to sue the judges and prosector of Barnstable Superior Court." *Id.* at ¶ 14.

To the extent Smith disagrees with the September 16, 2025 Memorandum and Order, he may wish to appeal any final judgment that is entered is this case.  Here, Smith filed a TAC, but he has not filed an Application to Proceed Without Prepayment of Fees accompanied by a copy of his institutional account statement nor paid the $405 filing fee.  Because Smith initiated this action while in custody, and is now back in custody, any motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00[1] filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(1)-(2).

The Clerk shall provide plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs.  The Clerk shall also send a copy of this Order to the Treasurer's Office at the prison facility in which plaintiff is incarcerated, in order to facilitate any request by the plaintiff for his certified prison account statement.

---

[1] The $55.00 administrative fee does not apply to persons proceeding *in forma pauperis*.  *See* Judicial Conference Fee Schedule.

Accordingly, if plaintiff wishes to proceed with this action, **no later than Friday October 24, 2025**, he either shall file a motion for leave to proceed *in forma pauperis* accompanied by his certified prison account statement or pay the $405.00 filing fee. Failure to do so will result in dismissal of the action.

        SO ORDERED.

        /s/ Leo T. Sorokin
        Leo T. Sorokin
        United States District Judge