UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEVEN SMITH, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 24-13182-LTS |
| CHIEF GOLDEN et al. | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON PENDING MOTIONS AND TO SHOW CAUSE

June 3, 2026

SOROKIN, J.

On December 23, 2024, Steven Smith, an inmate at a Massachusetts correctional facility who is representing himself and proceeding in forma pauperis, initiated this action by filing a complaint against a list of defendants including various attorneys and state-court judges. Doc. No. 1; see Doc. No. 31. Smith amended his complaint twice, Doc. Nos. 5, 6, and then a third time after the Court identified deficiencies in his pleading, Doc. Nos. 23, 25. Summons issued for the third amended complaint in October 2025, along with directions to Smith regarding his obligation to serve the four remaining named defendants and the option to enlist the assistance of the United States Marshals Service ("USMS") in order to do so. Doc. Nos. 31, 34, 37, 38. Since then, Smith has filed numerous motions, which the Court addresses and resolves in this Order.[1]

---

[1] Also pending are two motions to dismiss filed by three of the four named defendants. Doc. Nos. 63, 68. Those motions are fully briefed and remain under consideration. The Court will resolve them separately after the show-cause deadline described later in this Order.

Three of Smith's motions (Doc. Nos. 74, 81, and 88) express objections to the Court's September 2025 determination that the claims Smith sought to bring against various state-court judges could not proceed, because those defendants were shielded from such claims by the doctrine judicial immunity.  See Doc. No. 23 at 5.  The Court has reviewed those motions and construes them as requests for reconsideration of the prior ruling dismissing Smith's claims against the named judges.  The motions are DENIED, because none of Smith's arguments justify revisiting or altering the Court's prior explanation and application of the relevant immunity principles.  To the extent the latest such motion (Doc. No. 88) proposes adding claims against a state-court judge Smith has never named as a party to this action before, that request is also DENIED because the same immunity principles would apply.

In another motion apparently received by this Court after some delay, Smith sought an extension of time to respond to one of the pending motions to dismiss.  Doc. No. 84.  Because the Court already extended the relevant deadline and has now received and docketed Smith's opposition to the motion (Doc. No. 80), the additional extension request is DENIED as moot.

The remaining motions each advance requests premised on Smith's assertion that one defendant, Attorney Ryan Matthews, has failed to timely respond to the operative complaint. The motions seek to provide additional documents and argument in support of Smith's claims against Attorney Matthews (Doc. No. 76), request monetary sanctions against Attorney Matthews for failing to file an answer (Doc. No. 83), and seek entry of default and/or summary judgment against Attorney Matthews (Doc. Nos. 86, 87, 89).[2]  All of these motions are DENIED

---

[2] To the extent the most recent motion suggests this Court has not appropriately updated Smith's address, Doc. No. 89, the docket demonstrates otherwise.  The Clerk shall mail a copy of the docket to Smith along with a copy of this Order.

2

for the same reason: The record before the Court contains no proof that Smith has served Attorney Matthews.

Under the applicable procedural rule, Smith was required to serve the defendants within ninety days of summons issuing.  Fed. R. Civ. P. 4(c), (m).  The Court granted Smith a sixty-day extension of that deadline and reissued summons at his request on December 16, 2025.  Doc. No. 48.  That means Smith was required to effect service by February 17, 2026.[3]  Shortly before the deadline, a USMS Process Receipt and Return was docketed reflecting that, though an attempt was made on February 4 to serve Attorney Matthews at an address Smith provided to the USMS, the attempt failed.  Doc. No. 59.  Per that document, the location identified by Smith was "a wooded vacant lot."  Id.  Soon thereafter, the Court directed the Clerk to mail to Smith copies of the USMS Process Receipts and Returns for all four defendants.  Doc. Nos. 70, 71.  At no point since then has Smith sought more time to serve Attorney Matthews or made any other filing indicating he has attempted to do so using a different or corrected address.

Thus, Smith's motions inviting the Court to take action against Attorney Matthews fail.  On this record, the absence of any responsive pleading by Attorney Matthews is attributable to Smith's failure to serve him.  More than that, Smith's failure to serve Attorney Matthews or to show good cause for this failure may be grounds to dismiss Smith's claims against Attorney Matthews.  See Fed. R. Civ. P. 4(m); Crispin-Taveras v. Mun. of Carolina, 647 F.3d 1, 6 (1st Cir. 2011) (affirming district court's discretion to dismiss action for failure to comply with Rule 4(m)).

---

[3] The actual sixty-day deadline would have fallen on Saturday, February 14.  Because of that, and because Monday, February 16 was a federal holiday this year, Smith had until Tuesday, February 17 to effect service.

For the foregoing reasons, Smith's motions (Doc. Nos. 74, 76, 81, 83, 84, 86, 87, 88, and 89) are DENIED.  Smith is hereby ORDERED to SHOW CAUSE by June 23, 2026, why his claims against Attorney Matthews should not be DISMISSED pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, where Smith has failed to timely serve Attorney Matthews.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge